IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEROY A. ROMERO,

    Plaintiff,

v.

                              Civil No. 97-1196 BB/WWD

KENNETH S. APFEL,
Commission of Social
Security Administration,

    Defendant.

*FILED — UNITED STATES DISTRICT COURT, ALBUQUERQUE, NEW MEXICO, NOV 16 2000, CLERK*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed September 26, 2000 **[docket #25]**. Plaintiff was represented by the same counsel at both at the district court level and at the appellate level. This court denied Plaintiff's motion to reverse and remand the Administrative Law Judge's decision denying social security benefits [docket ## 15, 19]. On appeal, the Tenth Circuit ordered that the case be remanded to the Commissioner for reconsideration of certain issues [docket # 31]. Plaintiff's counsel now requests an award for 105.1 hours at an hourly rate of $137.00, amounting to a total of $14,398.70. The government concedes the reasonableness as to part of the fee, i.e., 65.9 hours related to the preparation of briefs at the district and appellate level, but opposes the remaining 39.2 hours on the basis that both the hourly rate and the number of hours are excessive. I find the Defendant's contentions to have some merit, for the reasons which follow.

**Hourly rate under EAJA**

    As a "prevailing party," Plaintiff's counsel is entitled to attorney fees and expenses under

EAJA for work that was "necessary for the preparation of the party's case."[1] The government has routinely concurred in cost of living increases to the statutory amount. See Chynoweth v. Sullivan, 920 F2d 648 (10th Cir. 1990) (court increased EAJA hourly rate of $75 to $96.75 to allow for cost of living); Harris v. Railroad Retirement Bd., 990 F.2d 519, 521 (10th Cir. 1993) (finding that plaintiff's attorney was entitled to a cost of living increase). See Resp at 5.[2] However, Defendant's contention that counsel should not receive an award calculated upon later year multipliers for earlier year hours is well-taken and will be considered by the Court in determining an appropriate fee award. See Marcus v. Shalala, 17 F.3d 1033, 1038-40 (7th Cir. 1994), cited in Pettyjohn v. Chater, 888 F.Supp. 1065, 1068 (D.Colo. 1995); see also Library of Congress v. Shaw, 478 U.S. 310, 314 (1986).

Thus, the 65.9 hours conceded by Defendant can be further broken down according to the years the service was provided. I also find that Plaintiff is entitled to an additional 1.6 hours for work done on briefs in the district court, totaling 67.5 hours.[3] Plaintiff's counsel would therefore

---

[1] The provision does not specify what comes under the category of "expenses" except for the description of "reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case." The statute creates a ceiling for attorney fees, which was increased from $75.00 to $125.00 in March 1996. See Publ.L. 104-121, 232(b)(1) (amending 28 U.S.C.A. 2412(d)(2)A)).

[2] Parties have apparently stipulated to the following hourly EAJA rates: $129 for services in 1997; $131 for 1998; $134 for 1999; and $135 for 2000. I note that the figure representing the allowable fee for 2000 ($135) was represented as $137 in another case involving different plaintiff's counsel. See Civ. No. 95-221 JP/WWD, Reply, Ex. A at 2.

[3] Defendant contests some of the listed items in the time record submitted by Plaintiff's counsel within these periods. See Resp. at 2-3, 6 (12/5/97 - 7/22/98; 10/12/98 - 12/21/98; 2/8/99 - 5/12/99; 6/25/99 - 6/30/99; 8/6/99 - 8/23/99). For those that are contested, I will allow Defendant's objections to stand, except for the two above-mentioned entries of .8 hours related to a review of

2

receive $3122.50 for 23.9 hours of work spent on the district court motion, brief and reply (4.2 hours at the 1997 rate of $129 and 12.7 hours at the 1998 rate of $131, amounting to $2205.50 and 7.0 hours for work on the reply brief at the 1998 rate of $131, amounting to $917.00). Counsel would also receive the 1999 rate of $134 for the 9 hours counsel worked on objections to the magistrate judge findings, preparing a Notice of Appeal and finalizing and filing the docketing, amounting to $1206.00. For the 20 hours spent of preparing and finalizing the appellate brief, counsel would receive $2680.00 at the 1999 rate of $134; and at the same rate an award for 14.6 hours spent reviewing Defendant's response and preparing a reply, amounting to $1956.40. The total amount for work in these categories amounts to **$8964.90**.

**Reducing the number of hours**

The prevailing party must make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). After a careful review of the remaining items on the time record submitted by Plaintiff's counsel, I agree with Defendant that certain of the items should be disallowed in order to achieve what the Court in its discretion perceives to be a reasonable number of hours. Id. (in determining what amount is a reasonable fee, court should take "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." I base my findings in part on a comparison of similar requests for EAJA attorney fees in cases handled by other attorneys.

---

the record on 12/9/97 and 5/29/98. The amount of time allowed for briefing in this case seems generous enough, when compared with time spent by other attorneys on cases having larger transcripts. See e.g., Civil No. 99-974 (18 hours, 427-page transcript); Civil No. 98-261 (15 hours, 630-page transcript); Civil No. 98-807 (17 hours, 425-page transcript); Civil No. 99-974 (16 hours, 477-page transcript).

3

*Research*

A reasonable amount of time expended in "general, ongoing" legal research is compensable. Alberti v. Sheriff of Harris Cty, 1176, 1187 (S.D.Tex, 1987) (if research is relevant and reasonable in terms of time for the scope and complexity of the litigation). However, hours spent "familiarizing oneself with the general area of law should be absorbed in the firm's overhead and not be billed to the client. " Case v. Unified School Dist. No. 233, Johnson County, Kan., 157 F.3d 1243 (10th Cir. 1998). Defendant approves of three entries (2/4/98, 8/16/99 and 8/20/99) for a total of 2.8 hours, which have already been included in the categories dealing with the preparation of briefs. However, while Plaintiff's request for 7.6 hours of research in this area of the law is excessive, I find it appropriate to allow counsel an additional 1.5 hours based on a review of the disputed issues in this case, at the 1999 rate of $134, amounting to **$201.00.**

*Other Entries*

Time requested for several other entries is also excessive. I will allow 1.5 hours at $129/hr for noting the exceptions for the appeals council (9/15/95 entry); .5 hours at $129/hr for review of the appeals council denial and a letter to client (8/24/97 entry); .75 hours at $129/hr for drafting and filing the complaint (9/8/97 entry), .5 hours at $134/hr for a telephone call for opposing counsel and a letter to the Court of Appeals done after the briefs were completed (10/6/99 entry); and 2 hours for preparing and filing the EAJA motion for fees at $135 (9/25/00 entry),[4] totaling **$691.75 for all five entries.** I am disallowing a later entry from 10/23/98 for 4.5 hours for finalizing and

---

[4] While counsel is entitled to attorney's fees for work done in resolving the fee issue itself, see Love v. Mayor, City of Cheyenne, Wyo, 620 F.2d 235, 237 (10th Cir. 1980), I find 2 hours more in line with similar requests in other cases. See, e.g., Civil No. 99-0974; Civil No. 98-261; Civil 99-213.

filing the briefing package, since Plaintiff will already be awarded 7 hours for the finalizing and the reply.

Defendant makes a general objection to the remainder of the items on the basis that the tasks described are secretarial or administrative in nature, and I agree that these tasks should not be billed as part of attorney's fees when they are more appropriately considered to be part of overhead. See Jane L. v. Bangerter, 61 F.3d 1505 (10th Cir. 1995); Ramos v. Lamm, 713 F.2d 546 (10th Cir. 1983). I find the following entries to fall into this category, either because they are administrative or because the item description is unclear:

| Entry | Description |
| --- | --- |
| 3/2/98[5] | Rf judgment |
| 1/27/99 | rf cal and calendar ordr |
| 5/5/99 | Rf transmittal to ct of app frm dist ct. |
| 5/22/99 | rf tr order letter |
| 6/11/99 | rf entry of locla counsul |
| 6/15/99 | letter to clerk re copies of record |
| 9/26/99 | rf conference instructions |
| 10/18/99 | memorandum of citation |
| 4/17/00 | memorandum of citation |
| 8/18/00 | Call ddu notes - re cdr |
| 8/19/00 | rf ddu |
| 9/12/00 | rf mandate |
| 9/22/00 | rf judgment |

Other than the items listed above and contested items within the time periods dealing with the preparation of district court and appellate, see n.3, the remainder of the entries will be allowed in the request for fees according to the stipulated EAJA fee for the year in which the service was provided. These are as follows:

---

[5] This entry, listed as 3/2/98, is listed with the other 1999 entries.

| Entry | Description | Amount |
|-------|-------------|--------|
| 7/11/97 | Appeals council follow-up | .4 |
| 9/3/97 | Meet with client, fill ifp affadavit [sic] | 1.0 |
| 9/9/98 | TC and grant extension to opposing counsel | .2 |
| 10/22/98 | review pleaading | .4 |
| 11/3/98 | review supplemental record | .2 |
| 1/6/99 | TC client, review pleadings[6] | .4 |
| 1/8/99 | rf maristrate [sic] findings | .9 |
| 1/21/99 | Mo for extend objectins [sic] | .5 |
| 5/13/99 | entry of appearance | .2 |
| 5/17/99 | transcript order form, rf rules | .4 |
| 6/4/99 | Rf admonition of opp counsel by clerk | .1 |
| 7/2/99 | file cert of mailing | .5 |
| 7/21/00 | Rf Decision/cosult [sic] with Mike Liebman | .6 |
| 7/21/00 | Letter to counsel | .2 |
| 7/21/00 | letter to client | .3 |
| 7/25/00 | tc to clietn [sic] | .2 |
| 8/18/00 | call clerk re mandate | .2 |
| 8/18/00 | tc client; note to file | .3 |

**Total**   $873.70 *(see n. 2, above)*

**Costs**

Plaintiff's counsel seeks to obtain reimbursement for several items as costs and expenses. In this circuit, costs may be awarded for filing fees ($105.00), but postage fees ($19.65 for UPS and $20.00 for federal express; $20.00 for mailing) are not recoverable. See Weakley v. Bowen, 803 F.2d 575, 578 (10th Cir. 1986); accord, Burt v. Apfel, 1999 WL 287718 (D.Kan.1999)(citing Weakley); Umscheid v. Apfel, 2 F.Supp. 2d 1438, 1440 (D.Kan. 1998); Baker v. Bowen, 707

---

[6] Phone calls to a client do not appear unreasonable. See e.g., Vidal v. Brown, 8 Vet.App. 488, 494 (U.S.Ct. Vet.App. 1996) (allowing phone calls to client during appeal to circuit court on basis of attorney's continuing duty to keep client reasonably informed about status of a case). Actual telephone charges, however (such as long-distance charges) are not allowed under EAJA. See Ramos, 713 F.2d at 559; Massachusetts Fair Share v. Law Enforcement Assistance Admin., 776 F.2d 1066 (D.C.Cir.1985); Abrams v. Lightolier, 50 F.3d 1204, 1225 (3d Cir.1995) (long distance phone calls may be charged as part of attorney's fees, but not costs).

6

F.Supp. 481, 486 (D.Wyo. 1989) (denying costs for travel expenses and postage and noting that our circuit, unlike others, strictly construes the statutory allowances under 28 U.S.C. §1920 (1982) and Weakley); see also Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir.1988) (based on strict statutory interpretation, court did not allow express mail materials to meet court deadlines); but cmp. Robinson v. Sullivan, 719 F.Supp. 1012, 1013 (D.Kan. 1989) (recognizing that court is bound to follow the law of this circuit, but nevertheless following other circuits allowing postage fees, finding Weaklee's exclusive interpretation of 28 U.S.C. § 2412(d)(1)(A) and (d)(2)(A) "extremely cramped").

The amount requested for photocopying will be allowed (($169.08). Because the government does not object to counsel's request for $36.36 on two occasions (6/30/99 and 8/24/99) for brief binding, they will be allowed. The total amount of recoverable costs is **$346.80.**

In sum, based on the foregoing, I have determined the total amount of the fee award, including costs ($8964.90 for the brief preparation at both court levels; $201.00 for research not included in the latter category; $691.75 for items awarded but reduced in time allowed; $873.70 for miscellaneous items awarded; and $346.80 in costs), to be **$11,078.15.**

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) **[docket #25]** is hereby GRANTED IN PART in the amount of **$11,078.15.**

UNITED STATES DISTRICT JUDGE